UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREGORY BOMBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:12-cv-01391-EFM-KMH |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

This case involves employment claims by Plaintiff, a current employee of Defendant Union Pacific Railroad Company. The parties will engage in discovery in this case that involves the production of documents, the answering of interrogatories, and the taking of depositions. In the course of discovery, confidential documents and/or information may need to be produced by the parties or other persons or entities. The confidential documents and/or information may contain information regarding Defendant Union Pacific's past and present employees, which could include personnel documents, information regarding disciplinary actions, and changes in job status (for example, whether an employee was suspended and/or terminated and the reasons therefore). Therefore, this Court finds that good cause exists for the entry of a protective order with respect to the production and exchange of the above identified documents and information between Plaintiff and Defendant in the above-captioned litigation.

1. <u>Applicability</u>: This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules, as well as testimony adduced at trial or during any hearing (collectively "Information").

**Error! Unknown document property name.**

2. <u>Scope of Disclosure of Confidential Material</u>.  Except as provided elsewhere in this Protective Order, confidential material shall be disclosed only to Recipients who fall into the following categories:

a. parties to this litigation and their representatives, including Attorneys for parties to this action;

b. experts (as defined by Federal Rule of Civil Procedure 26(b)(4)), consultants, or persons or firms employed to provide litigation support services, who are not parties to, employees of any party to, or affiliates of any party to, this litigation, provided that such experts, consultants, persons, or firms have first read this Protective Order and agreed in writing to abide by the terms of this Protective Order;

c. any deposition witness, at the witness' deposition, provided that such witness has first read this Protective Order and agreed in writing to abide by the terms of this Protective Order.  In this regard, it is understood that Defendant's managerial witnesses who may be deposed will read this Protective Order and sign Exhibit A hereto;

d. any witness to the extent reasonably necessary to prepare that witness to testify at trial or otherwise, provided that such witness has first read this Protective Order and agreed in writing to abide by the terms of this Protective Order;

e. any potential witness to the extent reasonably necessary to determine (i) the extent of what witness' knowledge relevant to this litigation, or (ii) whether that potential witness will in fact be called to testify at trial, provided in either case that such potential witness has first read this Protective Order and agreed in writing to abide by the terms of this Protective Order.

**Error! Unknown document property name.**

Any written agreement described in paragraph b, c, d or e shall take the form substantially similar to Exhibit A hereto, and shall be delivered to counsel for Defendant prior to the disclosure of such confidential material to such recipient.

Notwithstanding the above, disclosures of confidential material may be made, without a pre-signed agreement as described above, to:

    (i) the Court, special master, other court personnel, and stenographic and other deposition reporters, provided that such material, if filed before the Court, redact identifying information;

    (ii) commercial copying services employed by the parties for the purpose of making copies of document testimony for use in connection with this case; and

    (iii) support staff of an Attorney for a party to this action.

3. <u>Disclosure Restrictions</u>. Confidential material shall be disclosed or otherwise used only for purposes directly related to this action, and shall not be used for any other personal, business or commercial purpose. Individuals and entities permitted access to confidential material pursuant to paragraph (2) above and any other recipients are hereby ordered not to show, convey or reproduce in any manner any such documents or materials, or any parts thereof, or information contained therein, or any extract or summaries thereof, to any individual or entity who would not otherwise have access to confidential material under the provisions of this Protective Order.

4. <u>Marking</u>. To identify confidential material under this Protective Order, the source may mark such documents as "Confidential."

5. <u>Inadvertent Production</u>. The production of any privileged or otherwise protected or exempted information, as well as the production of information without an appropriate

designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, as to the inadvertently produced document and any related material.

The producing party must notify the receiving party promptly, in writing, upon discovery that a document has been produced.  Upon receiving written notice from the producing party that privileged and/or work product material has been produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in paragraph 21, until further Order of the Court.  The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

The receiving party may contest the privilege or work product designation by the producing party, the receiving party shall give the producing party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in resolving the dispute.  However, the receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege.  In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material.  If no such Order is sought, upon expiration of the fifteen (15) day period then all copies of the disputed document shall be returned in accordance with this paragraph.  Any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged.  Such analyses, memoranda or notes may only be removed from the

- 4 -

sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

6.      <u>Final Determination</u>.  Upon the final determination of this action (including any appeals), each Recipient shall within 30 days of such determination return to the Source all Confidential Material, including originals and any copies.  Upon mutual agreement, the parties may destroy the materials upon the final determination of this action (including any appeals) if the attorney primarily responsible for the representation of the parties certifies to opposing counsel that to the best of his or her knowledge and belief based upon reasonable requests and inquiry, all Confidential material has been destroyed.  To the extent that any such documents are returned to the producing party contain the work product of attorneys, all attorney work product may be redacted therefrom.   A party may seek leave to re-open the case to enforce the provisions of the protective order.

7.      <u>Later Orders</u>.  This Protective Order shall be subject to any subsequent order.

IT IS SO ORDERED.

Dated:  March 13, 2013

<u>S/  Karen M. Humphreys</u>
U.S. Magistrate Judge

**Error! Unknown document property name.**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREGORY BOMBERGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNION PACIFIC RAILROAD COMPANY, )<br>)<br>Defendant. ) | Case No. 6:12-cv-01391-EFM-KMH |

**ACKNOWLEDGEMENT REGARDING
CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL MATERIAL**

  I, _____, hereby declare and state that:

  1. I live at _____ and work for _____, located at _____, where my position is _____.

  2. I have carefully read and understood and will comply with all of the provisions of the AGREED PROTECTIVE ORDER in the above-captioned proceeding.

  3. I will not disclose any CONFIDENTIAL material to anyone not qualified under the terms of the AGREED PROTECTIVE ORDER to receive such information.

  4. I will not use any CONFIDENTIAL material for any purpose other than for testifying or for assisting counsel of record in preparing for or conducting trial in this litigation.

  5. I will return all CONFIDENTIAL material in my possession, including documents and things which I may prepare relating to any such material, as required pursuant to paragraph 2 of the AGREED PROTECTIVE ORDER.

  6. I submit to the jurisdiction of this Court for the purpose of enforcement of the AGREED PROTECTIVE ORDER against me in this proceeding.

Date:_____     _____
                       [Name]